Opinion by CLINE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Mutual Supply Co.* v. *United States* (12 Cust. Ct. 136, C. D. 842), which record was admitted in evidence herein. In accordance therewith the merchandise was held dutiable as claimed.

**No. 50557.**—Protest 104331–K of R. K. O. Radio Pictures, Inc. (Los Angeles).

Opinion by KEEFE, J. At the trial plaintiff's witness testified that the film in question was taken by the customs official to the technicolor laboratory for development and after it was processed the footage was determined on a measuring machine; that he received from the laboratory three sections each of 4,661 screen feet of film, each having a waste footage of 38 feet; and that in terms of linear footage, the screen footage would be three times 4,661, or 13,983 feet, including the waste footage. The inspector's report disclosed that the 16,227 linear feet shown on the permit was given him by "Technicolor," presumably the laboratory, after running the film through their measuring machine, and that such footage included parts which were cut out and discarded. The provision under which duty was assessed is for photographic film negatives, exposed but not developed, and does not provide that duty should be assessed only upon the good portions thereof. It was held that there was nothing in the record to establish that duty should have been taken upon a smaller footage than that used by the collector. The presumption of correctness of the collector's action not having been overcome, the protest was overruled.

**No. 50558.**—Protests 42737–K/89645, etc., of Murphy & Nye (Chicago).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50559.**—Protests 50021–K, etc., of C. Cryan & P. E. Woodward et al. (Boston).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record

was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50560.**—Protest 60379–K of S. Farkash, Inc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

BEFORE THE FIRST DIVISION, OCTOBER 10, 1945

**No. 50561.**—Protests 973632–G, etc., of Charles Schnabel, Inc. (New York).

Opinion by OLIVER, P. J. It was stipulated that the goatskins are similar in all material respects to those the subject of *United States* v. *Winograd Bros.* (32 C. C. P. A. 153, C. A. D. 302), which record was admitted in evidence herein. In accordance therewith the claim for free entry under paragraph 1681 was sustained.

**No. 50562.**—Protests 465334–G, etc., of Draeger Shipping Co. (New York).

Opinion by OLIVER, P. J. It was stipulated that the merchandise is similar in all material respects to the goatskins the subject of *Jacobson & Kupitsky* v. *United States* (T. D. 47950), which record was admitted in evidence herein. In accordance therewith the claim at 10 percent under paragraph 1420 was sustained.

BEFORE THE THIRD DIVISION, OCTOBER 10, 1945

**No. 50563.**—Protests 27542–K, etc., of Y. Akiyama et al. (Honolulu).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp, and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.